UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ROBERT BONDICK,<br><br>                                              Plaintiff,<br><br>v.<br><br>VIRIAM K. KHALSA, HOMES FOR GOOD<br>HOUSING AGENCY, JACOB FOX and<br>CHRISTI CHAMP,<br><br>                                            Defendants. | Case No.: 6:18-cv-02122-MK<br><br>OPINION AND ORDER<br><br>RE: PLAINTIFF'S MOTION TO SET<br>ASIDE ORDER OF DISMISSAL |

**KASUBHAI, Magistrate Judge:**

The Court entered a 60-Day Order of Dismissal on February 27, 2020 based on the parties' notification that this matter had been settled. ECF No. 77.  On May 26, 2020, Plaintiff filed a "Motion to Proceed with Judicial Proceedings" requesting the Court to set aside the dismissal. ECF No. 81. Plaintiff also filed a "Cause for Late Notice of Motion to Proceed," stating the following:

> Plaintiff reminds the court that he is pro se, and as such puts him at a significant legal disposition. Additionally, may the court be reminded plaintiff has a second disposition due to permanent mental disability. Also, plaintiff is pro se in additional legal matters that has caused a surmountable amount of distraction as well as newly arising physical health complications. Further more [sic] in

1 – OPINION AND ORDER

conjunction with dispositions, a pandemic has broke [sic] out causing all facets of
life and business to slow down. It is with these cause [sic] plaintiff requests the
courts permission to accept the "Motion To Proceed With Judicial Proceedings"
although it is untimely.

ECF No. 82. The Court construes Plaintiff's filings as a Motion to Set Aside Order of Dismissal.

Both parties consent to jurisdiction by a U.S. Magistrate Judge. ECF No. 64. For the

reasons discussed below, Plaintiff's Motion to Set Aside Order of Dismissal is denied.

## BACKGROUND

The parties settled this matter during a settlement conference conducted by Magistrate

Judge Coffin. ECF No. 76. The settlement was put on the record. Schmidt Decl., Ex. 1, ECF No.

84; *see also*, Tr., ECF No. 80. Both Mr. Bondick and his attorney, Mr. Wilker, agreed to the

settlement. Tr., ECF No. 80. Specifically, they both agreed with Judge Coffin's statement that

"the plaintiff agrees to execute and agrees to release all of his claims in connection with this

matter and settle the case." *Id.* at 3:1-3. On their way walking out after the settlement conference

concluded, Mr. Wilker and Defendants' attorney agreed that Defendants' attorney would prepare

the settlement agreement. Schmidt Decl., ¶ 2, ECF No. 80. That same morning the Court issued

its 60-Day Order of Dismissal, stating "this action is dismissed with prejudice and without costs

and with leave, upon good cause shown within sixty (60) days, to have the dismissal set aside

and the action reinstated if the settlement is not consummated." 60-Day Order, ECF No. 77.

Accordingly, the deadline to have the dismissal set aside is April 27, 2020.

On March 3, 2020, Defendants' attorney emailed to Mr. Wilker a one and half page

settlement agreement which Defendants approved. Schmidt Decl., Ex. 2, pp. 4, 6, ECF No. 84.

Seven days later, Mr. Wilker responded, stating that Mr. Bondick would not sign the settlement

agreement, nor complete a short questionnaire with information that Defendants needed to report

the settlement to Medicare. *Id.* at p. 2. Defendants represent that reporting of the settlement to

Medicare is required by law. Defs.' Resp. 2, ECF No. 83; Schmidt Decl, Ex. 2, p. 4, ECV No.

84.

Defendants' attorney asked Mr. Wilker to let Plaintiff know "I believe we have an

enforceable settlement agreement in the record we created with the court, and I intend to enforce

it." Schmidt Decl., Ex. 2, p. 1, ECF No. 84. Mr. Wilker responded, "Understood." *Id.*

Subsequently, Defendants' attorney emailed Mr. Wilker a revised settlement agreement with an

increased amount of money. *Id.* at pp. 4, 6-7. Defendants' attorney also advised Mr. Wilker that

Defendants no longer needed Mr. Bondick to complete the short questionnaire, because they had

obtained the needed information by other means. *Id.* at Ex. 3, p. 1. Mr. Wilker responded: "I

appreciate your efforts here, but Mr. Bondick has again indicated that he will not sign the

settlement agreement, even as revised. I have let him know that you believe there is an

enforceable agreement." *Id.*

After Mr. Wilker withdrew his representation, Mr. Bondick emailed Defendants' attorney

directly on March 21, 2020. *Id.* at Ex. 4. Mr. Bondick wrote:

> In response to the settlement offers made, I feel they are not a full compruble [sic]
> measure of redress. As the settlement lawyer announced, I have refused to
> consimate [sic] the terms.
> …
> I presume a ruling in favor of the plaintiff on the motion submitted prior to the
> settlement conference and after the 60 Day Dismissal is over.
>
> I intend to send a motion of my decision prior to the 60 days, but I'm not sure if I
> should wait till the due date. …

*Id.*

After Mr. Bondick attempted to directly contact Defendant Homes for Good Housing

Agency, Defendants' attorney advised Mr. Bondick that all questions should be directed to

counsel, and Defendants could not move forward with paying him the settlement monies until he

signed a settlement agreement. *Id.* at Ex. 5. In one of his response emails, Mr. Bondick stated

"your client and I have entered into a legal signed binding contract. As a legal binding contract, I

intend to enforce it. [sic] If you decide to make an attempt at prohibiting this matter [sic] I will

deem it good cause for obstructing a disabled person federal subsidy." *Id.* at Ex. 5, p. 1. Mr.

Bondick never responded to the last email from Defendants' attorney, which asked, "Will you

sign a settlement agreement?" *Id.* Mr. Bondick then filed this motion before the Court on May

20, 2020.

## DISCUSSION

The Court may relieve a party from a final judgment based on several grounds as follows

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have
> been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
> misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an
> earlier judgment that has been reversed or vacated; or applying it prospectively is
> no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b).

Mr. Bondick does not argue any of the grounds provided by Rule 60(b)(1)-(5), therefore

the Court evaluates Mr. Bondick's motion under Rule 60(b)(6). This provision can be said to be

a "catch-all" where it is only appropriate to grant "[u]nder extraordinary circumstances, where

without such relief, an extreme and unexpected hardship would occur." *Sawka v. Healtheast,*

*Inc.*, 989 F.2d 138, 140 (3d Cir. 1993) (quoting *Mayberry v. Maroney*, 558 F.2d 1159 (3d Cir.

1977)). To demonstrate the type of extraordinary circumstances required to justify relief

under Rule 60(b)(6), it must generally be that "the movant is completely without fault for his

predicament; that is, the movant was unable to take any steps that would have resulted in

preventing the judgment from which relief is sought. *Taylor v. Chevrolet Motor Div. of Gen. Motors Corp.*, CIV.A. 97-2988, 1998 WL 288434 (E.D. Pa. June 3, 1998).

Mr. Bondick has not demonstrated the type of extraordinary circumstances to justify relief under Rule 60(b)(6). Mr. Bondick refused to consummate the settlement he and his then attorney agreed to at the settlement conference because he later felt that the amount agreed to was not enough compensation. Schmidt Decl., Ex. 4, p. 1, ECF No. 84. Similar to Mr. Bondick, the plaintiff in *Collins v. City of Philadelphia* was granted a final judgment in her favor by the court for a settlement of $20,000. *Collins v. City of Philadelphia*, 2008 WL 11513244, *1 (E.D. Pa. Dec. 12, 2008). Afterwards, the plaintiff sent a *pro se* letter to the judge asking for her to set aside the judgment, claiming that she never agreed to accept the City's offer to settle. *Id.* The court denied the plaintiff's request because a settlement agreement is binding in Pennsylvania, even when it is clear that a party changed his or her mind between the time the parties agreed to the terms of the settlement and when those terms were put into writing. *Collins*, 2008 WL 11513244 at *3.

The 9th Circuit has a similar provision where a settlement agreed to in open court is a binding contract. *Doi v. Halekulani Corp.*, 276 F.3d 1131 (9th Cir. 2002); *see also In re Christie*, 173 B.R. 890, 891 (Bankr.E.D.Tex.1994) ("An agreement announced on the record becomes binding even if a party has a change of heart after [she] agreed to its terms but before the terms are reduced to writing."). As the Court's settlement record shows, both Mr. Bondick and his then attorney Mr. Wilker agreed with Judge Coffin's statement: "[T]he plaintiff agrees to execute and agrees to release all of his claims in connection with this matter and settle the case." Schmidt Decl., Ex. 1, p. 3, ECF No. 84. Mr. Wilker agreed with Defendant's attorney that this is an enforceable agreement in the record created with the Court. *Id.* at Ex. 2, p. 1. Mr. Bondick

himself indicated that he and Defendants have a legal binding contract. *Id.* at Ex. 5, p. 1. Thus, it is clear and undisputed that Mr. Bondick entered into a contractual agreement and had agreed to the terms of the settlement.

Mr. Bondick had the opportunity to show good cause within sixty (60) days to have the order of dismissal set aside and the action reinstated if the settlement was not consummated. However, almost one month passed after the 60-day deadline for Mr. Bondick to file a motion to set aside. Mr. Bondick offers four reasons for his untimely filing: he is *pro se*, he has disabilities, he has "newly arising physical complications," and the pandemic. Pl.'s Mot. 1, ECF No. 82.

As shown in Defendants' response, Mr. Bondick has represented himself in ten other civil cases. Defs.' Resp. 4-5, ECF No. 83. His *pro se* status has not prohibited him from litigating his legal matters. While Mr. Bondick blames his mental disability and physical complications for the late filing of his motion, he offers no proof of the extent, duration or nature of the disability and complications. Lastly, this court has remained open to receive parties' filings during the global pandemic. Mr. Bondick does not explain how the global pandemic caused his late filing. Mr. Bondick has failed to demonstrate extraordinary circumstances required to justify setting aside the order of dismissal.

## CONCLUSION

For the reasons stated above, the Court denies Mr. Bondick's Motion to Set Aside Order of Dismissal (ECF No. 81).

DATED this <u>7th</u> day of July 2020.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI
United States Magistrate Judge
